UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES LOCKRIDGE,

                    Plaintiff,

v.                                                   Case No. 21-cv-558-pp

WARDEN RANDY HEPP,
DR. CHARLES LARSON,
CANDACE WHITMAN,
and NURSE ROGER KRANTZ,

                      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

      James Lockridge, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants failed to provide him adequate medical treatment. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.**     **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C.

1

§1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 24, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $1.40. Dkt. No. 6. The court received that fee on May 28, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

   A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has named as defendants Warden Randy Hepp, Dr. Charles Larson, Health Services Unit ("HSU") Manager Candance Whitman and Nurse Roger Krantz. Dkt. No. 1 at 1–2. The plaintiff alleges that all the defendants work at Fox Lake and he sues them in their individual capacities. Id.

The plaintiff alleges that sometime around February 13, 2019, he was moved to housing unit 2. Id. at 2. Sergeant Roeber (who is not a defendant) told the plaintiff to move into a cell that had only a top bunk available. Id. The plaintiff told Roeber, "you know I'm not supposed to be on a top bunk." Id.

Roeber responded, "that's all I got." Id. The plaintiff alleges that Roeber was aware of his low-bunk restriction because the plaintiff previously was housed on unit 2. Id.

On February 13, 2019, while getting out of the top bunk, the plaintiff fell, damaging his right shoulder and hitting his back on a desk. Id. He immediately was sent to the HSU for treatment, where Nurse Krantz examined him. Id. Krantz asked Dr. Larson what he should give the plaintiff for his pain. Id. The plaintiff alleges that Larson was negligent "in failure to thoroughly perform his job duties, not following up on the question asked by nurse Krantz as to what to give the plaintiff for pain . . . ." Id. The plaintiff does not say what pain medication Krantz gave him (if any) and alleges that Krantz failed to follow up with the plaintiff about his pain. Id. He says "nothing was done for months." Id.

The plaintiff alleges that at some point, he was given an unspecified injection that "did not work." Id. The plaintiff says he "pleaded to be taken to the E.R. [and] [c]ontacted HSU manager Whitman many of times." Id. He says he also filed an inmate complaint and contacted Warden Hepp. Id. He does not say whether Whitman or Hepp responded to him. Id. But he alleges that Hepp was "negl[i]gent in failure to thoroughly perform his Warden duties, [and was] not aware of his staffs actions under his management." Id. at 1. He that alleges Whitman "is negligent in failure to thoroughly perform her job duties, not rectifying plaintiff's ongoing ordeal after contacting HSU many times." Id. at 2.

The plaintiff alleges that a different care provider later ordered an MRI for his back and shoulder. Id. The MRI showed that he needed immediate shoulder

4

Case 2:21-cv-00558-PP   Filed 07/20/21   Page 4 of 10   Document 7

surgery. Id. The plaintiff underwent surgery on January 20, 2021, nearly two years after his fall and injury. Id. He says that during those two years, he had "countless nights of no sleep, bathing[,] depression, not eating & defending myself from letting other inmates beat me up." Id. at 2–3. He seeks declaratory judgment and compensatory and punitive damages. Id. at 3.

### C. Analysis

The court reviews the plaintiff's allegations under the Eighth Amendment, which "protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976). To state a valid Eighth Amendment claim, the inmate must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see Estelle, 429 U.S. at 103. To satisfy the objective component, the plaintiff must show that he had a medical condition "that is so obvious that even a lay person would perceive the need for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835. A prison official shows deliberate

indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

The plaintiff alleges that he received inadequate treatment for injuries to his shoulder and back suffered in February 2019, for which he eventually needed surgery. He alleges that he suffered pain for two years that caused sleeplessness, depression, difficulty bathing, loss of appetite and abuse from other inmates. These allegations of significant and persistent pain satisfy the objective component of an Eighth Amendment claim for purposes of this order. See Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002).

The plaintiff alleges that Nurse Krantz examined him. He says that Krantz asked Dr. Larson what he should give the plaintiff for his pain, but that Larson allegedly failed to follow up with Krantz. He also alleges that Krantz did not follow up with Larson about the medication. The plaintiff does not say what pain medication he received or if he received any at all. But he does allege that he "endure[d] unwanted pain [and] suffering" because of Krantz and Larson's inadequate treatment. Dkt. No. 1 at 2. Although the plaintiff's allegations are sparse, the court concludes that he has alleged sufficient facts to state a claim that Krantz and Larson were aware of his injury and failed to provide him adequate medical treatment for his pain. The court will allow the plaintiff to proceed on an Eighth Amendment claim against Krantz and Larson.

The plaintiff seeks to hold Hepp responsible for his medical treatment because Hepp was the warden of the prison and failed "to thoroughly perform

his Warden duties." Dkt. No. 1 at 1. But prison supervisors, including the warden, "are responsible for what they do themselves, not for what their subordinates do." Day v. Subsecretario del Sistema Penitenciario Federal, 838 F. App'x 192, 193 (7th Cir. 2021). To be held liable for the actions of a subordinate under §1983, a supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). The plaintiff says he contacted Hepp about his treatment, but he does not state whether Hepp ever received that communication or was aware of the plaintiff's allegedly inadequate medical treatment. He faults Hepp for *not* being "aware of his staffs actions under his management." Dkt. No. 1 at 1. If Hepp was not aware that the plaintiff was not receiving proper medical treatment, as the plaintiff says, then he cannot be responsible for the treatment his staff provided. Because the plaintiff has not alleged that Hepp was aware of the plaintiff's treatment and approved, condoned or turned a blind eye to it, he has not stated a claim against Hepp and may not proceed against him.

The plaintiff says he also contacted HSU Manager Whitman several times about his treatment. As with his claim against Hepp, the plaintiff does not say whether Whitman ever received his communications or was aware of his allegedly substandard medical care. But Whitman is the manager of the HSU, and the plaintiff says he contacted the HSU several times about his care. Although the warden cannot be expected to be aware of everything happening inside the prison, the court reasonably can infer that the HSU manager would

be aware of numerous complaints an inmate filed against HSU staff. Liberally construing the complaint's allegations in the plaintiff's favor, the court concludes that he has stated an Eighth Amendment claim against Whitman.

The plaintiff says he seeks to proceed under "State and Federal Laws." Dkt. No. 1 at 3. His complaint alleges that the defendants were negligent in failing to provide him adequate medical care. Although negligence does not violate the Constitution, see Farmer, 511 U.S. at 835-36, it may violate state law. The court will exercise supplemental jurisdiction over the plaintiff's state law negligence claims against Krantz, Larson and Whitman. 28 U.S.C. §1367. Because the plaintiff has not stated a federal claim against Hepp, the court declines to exercise supplemental jurisdiction over any state law claim the plaintiff may seek to bring against him. 28 U.S.C. §1367(c)(3).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** Warden Randy Hepp.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Charles Larson, Candance Whitman and Roger Krantz. Under the informal service agreement, the court **ORDERS** those defendants to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$348.60** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Fox Lake Correctional Institution.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are in custody at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are in custody at all other prison facilities must send the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all persons in custody at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 20th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**