UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES LOCKRIDGE,

                Plaintiff,

v.                                          Case No. 21-cv-558-pp

CHARLES LARSON, CANDACE WHITMAN
and ROGER KRANTZ,

                Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL (DKT. NO. 34) AND EXTENDING PLAINTIFF'S DEADLINE TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

On May 19, 2022, the court denied the plaintiff's motions to appoint counsel. Dkt. No. 17. The court explained that the plaintiff's filings up to that point had demonstrated that he "has a firm grasp of the events and an understanding of his constitutional claims," and that the plaintiff had not explained why he is one of those *pro se* plaintiffs most in need of an attorney to represent him. Id. at 4–5. The court denied the motions without prejudice, meaning that the plaintiff could renew the motions later "if he determines he still needs the assistance of an attorney to litigate his lawsuit." Id. at 5–6. The court advised the plaintiff that if he did renew the motions, he would need to "explain to the court why he is among those *pro se* prisoners most in need of a recruited attorney." Id. at 6.

On December 19, 2022, the court received the plaintiff's third motion to appoint counsel. Dkt. No. 34. Like his previous motions, the plaintiff's third

1

motion asserts that he cannot afford counsel on his own and has limited resources as an incarcerated plaintiff. Id. at ¶¶1–2. He says his issues are "to[o] complex, and will require significant research and investigation." Id. at ¶2. The plaintiff reiterates that counsel would be better able to "present evidence and cross examine witnesses" at trial, and he says he "has made efforts to obtain a lawyer." Id. at ¶¶3–4. The motion has no exhibits or attachments.

The court will deny the plaintiff's third motion to appoint counsel for the same reasons it denied the earlier ones. As the court explained, it has the discretion to recruit counsel for a *pro se* civil litigant, taking into account 1) the plaintiff's efforts to obtain counsel on his own and 2) the plaintiff's ability to litigate his lawsuit competently on his own. See Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021); and Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). The plaintiff still has not explained why he is among those incarcerated persons most in need of an attorney. He reiterates his previous reasons for requesting an attorney, which the court already concluded were not sufficient to justify recruiting him one. The latest motion does not include any indication that the plaintiff has made additional efforts to obtain an attorney on his own. He merely points to his past efforts to obtain an attorney. The court noted in the previous order that the plaintiff had attached letters dated August 2021 from firms that declined to represent him. Dkt. No. 17 at 3. The third motion suggests the plaintiff has made no additional effort to obtain in an attorney in the sixteen months since then. The court also reiterates that at this point, it is not clear that there will be a trial. The defendants have moved for summary

judgment. Dkt. No. 26. If the court grants that motion, it will dismiss this case and there will be no trial. The plaintiff must respond to the defendants' motion by presenting evidence to support his position, as the court explained in another previous order. Dkt. No. 32. Only if the court denies the defendants' motion will the case be scheduled for a trial. If that happens, the court may reconsider this decision and consider recruiting counsel to represent the plaintiff for settlement discussions or for trial.

The plaintiff's third motion to appoint counsel also suggests that he did not receive the defendants' motion for summary judgment until December 11, 2022, even though the motion is dated December 2, 2022. Dkt. No. 34 at 2. To allow the plaintiff adequate time to respond to the defendants' motion, the court will extend his deadline to file his response materials. If the plaintiff does not respond to the defendants' motion by the deadline the court will set below, the court will decide the defendants' motion without his input (as explained in the previous order). That means the court will consider the defendants' facts to be undisputed, which could result in the court granting their motion and dismissing the case.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's third motion to appoint counsel. Dkt. No. 34.

The court **EXTENDS** the plaintiff's deadline to respond to the defendants' motion for summary judgment. Dkt. No. 26. The plaintiff must file his response and all supporting materials, as explained in the previous order, in time for the court to *receive it* by the end of the day on **February 17, 2023**. If the court has

3

Case 2:21-cv-00558-PP   Filed 01/11/23   Page 3 of 4   Document 35

not received the plaintiff's response by the end of the day on February 17, 2023, the court will consider the defendants' motion unopposed and decide it without the plaintiff's input.

Dated in Milwaukee, Wisconsin this 11th day of January, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**